UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                          |   |                  |
|--------------------------|---|------------------|
| UNITED STATES OF AMERICA | ) |                  |
| V.                       | ) | NO. 18CR10327    |
| JOSE ROSARIO             | ) |                  |

**DEFENDANT JOSE ROSARIO'S SUPPLEMENTAL MOTION
FOR RELIEF FROM PREJUDICIAL JOINDER OR, ALTERNATIVELY,
TO SEVER THE FELONY ELEMENT IN THE FIREARM COUNTS
FROM THE FIREARM AND DRUG INDICTMENTS**

Now Comes, Jose Rosario, defendant in the above captioned matter, who hereby moves this Court to provide relief from prejudicial joinder from the grouping of the firearm indictment(s) with the drug indictment by severing them. Alternatively, moves to sever the felony element from the remainder of the Indictment charging a violation of 18 U.S.C sec. 922(g), 924(c) and 924(e) and the conspiracy indictment charging distribution of fentanyl pursuant to Rule 8(a) and 14(a) of the F.R.C.P. While the firearm indictments have not yet been brought by the government, it is expected that they will be filed prior to trial. As grounds, defendant states the following in support:

    1. The spillover prejudice from joining the firearm counts with the drug conspiracy counts will be irreparable. The jury will perceive the defendant as having a propensity to commit violence when there is absolutely no evidence of that in this case. The jury will likely convict Mr. Rosario of drug distribution merely because of the evidence from the firearm counts.

    2. Additionally, the government will need to present a jury with evidence of (a) the underlying prior conviction; and (b) defendant's knowledge that the prior conviction was a felony to satisfy the felony element in the Section 922(g), 924(c) and 924(e) indictments. This

evidence will serve to prejudice the defendant even further for drug distribution case since the prior felony convictions are also drug cases. The jury will likely conclude he has a predisposition or propensity to sell drugs as a result. This is highly prejudicial and no jury could ignore the correlation between this past offense and the present allegation regardless of the curative instruction give. See *United States v. Henry*, 940 F.Supp. 342 (D.D.C. 1996)(severance granted)

   Alternatively, and without waiving his rights to a severance as described above, defendant moves the Court to withhold the felony element until from the jury's consideration until after it has rendered a verdict on the drug indictment and made findings on the other two elements of the firearm indictments. This will assure that the prior bad act or conviction does not bias the jury against the defendant. Again, this option does not resolve the spillover prejudice caused by the prejudicial joinder of the firearm and drug counts.

   Wherefore, defendant moves this Court to grant his Motion.

                Respectfully submitted
                on behalf of Jose Rosario


                /s/ James Budreau
                James Budreau, Bar #559931
                20 Park Plaza, Suite 1005
                Boston, MA 02116
                617-366-2200


<u>Certificate of Service</u>

   I, James Budreau, counsel of record for the defendant Jose Rosario, herby certify that I served this motion to all counsel of record by filing same electronically by way of the Court's ECF system on this 4th day of November, 2019.

                /s/ James Budreau